**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Hobe', a single man, | No. CV-09-405-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| United States Department of Education; Pioneer Recovery; and James Farrar, | |
| Defendants. | |

This suit concerns collection efforts relating to Plaintiff's student loans. *See* Dkt. #1. Plaintiff filed a motion for expedited hearing and service by U.S. Marshal. Dkt. #7. Defendants United States Department of Education ("DOE") and James Farrar filed a response. Dkt. #9. The Court issued an order denying the motion on April 7, 2009, concluding that service by the U.S. Marshal's office was not appropriate at this time because Plaintiff has not sought in forma pauperis status and it appears that Defendant Farrar may be served via certified mail. Dkt. #10.

That same day, and prior to receiving the Court's order, Plaintiff filed a "response and motion to the Court" seeking clarification of Defendants' response. Dkt. #12. Plaintiff stated that counsel for Defendant DOE has not made clear the capacity in which she represents Defendant Farrar in this case. *Id.* at 1. Plaintiff further asserted that Defendant Farrar has refused to accept service via certified mail and that he was willing to provide defense counsel with a copy of the complaint if counsel is willing to accept service on behalf of Defendant Farrar. *Id.* at 1-2.

1    Defendants filed a response stating that Plaintiff's motion appears to be moot in light
2    of the Court's April 7 order, but indicating that they would file a substantive response if
3    requested by the Court.  Dkt. #16.  The Court issued an order requiring Defendants to file a
4    response addressing (1) the capacity in which defense counsel represents Defendant Farrar
5    in this matter, (2) whether counsel is willing to accept service on behalf of Defendant Farrar
6    and, if not, (3) whether Defendant Farrar has refused service via certified mail.  Dkt. #17.

7    Defendants have filed a supplemental response in which defense counsel states
8    (1) that she represents both DOE and Farrar because he has been sued in his official capacity
9    and (2) that Farrar has been properly served with process.  Dkt. #18.  In light of this
10   information, the Court will deny as moot Plaintiff's motion for clarification (Dkt. #12).

11   Defendants also have filed, pursuant to Rules 12(b)(1) and (6) of the Federal Rules
12   of Civil Procedure, a motion to dismiss for lack of subject matter jurisdiction and failure to
13   state a claim for relief.  Dkt. #19.  Plaintiff is advised that he must respond to the motion to
14   dismiss in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules
15   of Civil Procedure.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants
16   must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790
17   F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably
18   than parties represented by attorneys).  The Federal Rules of Civil Procedure are available
19   at the following Internet website:  http://www.law.cornell.edu/rules/frcp/.  A copy of the
20   Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

21   Plaintiff is further advised that pursuant to Local Rule 7.2, a failure to respond to the
22   motion to dismiss "may be deemed a consent to the . . . granting of the motion and the Court
23   may dispose of the motion summarily."  LRCiv 7.2(i); *see Ghazali v. Moran*, 46 F.3d 52, 54
24   (9th Cir. 1995) (district court did not err in dismissing a pro se plaintiff's complaint for
25   failing to comply with a local rule); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th
26   Cir.1992) (district court did not abuse its discretion in dismissing a pro se plaintiff's
27   complaint for failing to comply with a court order).

28

**IT IS ORDERED:**

1.   Plaintiff's motion for clarification and hearing (Dkt. #12) is **denied**.

2.   Plaintiff shall respond to Defendants' motion to dismiss (Dkt. #19) in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure.

DATED this 5th day of May, 2009.

David G. Campbell
United States District Judge