**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Hobe', a single man, | No. CV-09-405-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| United States Department of Education; Pioneer Recovery; and James Farrar, | |
| Defendants. | |

Plaintiff Marc Hobe' commenced this action by filing a pro se complaint against Defendants United States Department of Education ("DOE"), James Farrar (in his official capacity as an employee of DOE), and Pioneer Recovery on February 27, 2009. Dkt #1. Defendants DOE and Farrar ("Federal Defendants") have moved to dismiss the complaint. Dkt. #19. That motion has been fully briefed. Dkt. ##22-25. For the following reasons, the Court will dismiss the complaint in its entirety without prejudice for lack of subject matter jurisdiction, granting the Federal Defendants' motion to dismiss and dismissing *sua sponte* as to Defendant Pioneer. All pending motions will be denied as moot.

**I.     Background.**

In the early 1980s, Plaintiff borrowed a total of $3459 in student loans guaranteed by the State of Arizona and reinsured by the DOE. Dkt. #19-2, Ex. 1, Decl. of Sheryl Davis at ¶¶ 7-8; Dkt. #1 ¶¶ 2-3. DOE records show that Plaintiff defaulted on the loans in 1985. Dkt. #19-2, Ex. 1 at ¶ 10. At that time, the lender had recorded no repayment of principal.

*Id.* at ¶ 9.[1]

In 1995, DOE acquired title to the loans according to the terms of the original loan guarantee and reinsurance. *Id.* at ¶ 12. DOE began its attempts to collect payment from Plaintiff by way of collection letters and, later, wage garnishment and Treasury Department offsets. *Id.* at ¶ 14; Dkt. #1 ¶ 4. The DOE has no record of any voluntary payment by Plaintiff since 1995. Dkt. #19-2, Ex. 1 at ¶ 13. As of April 30, 2009, DOE records show that plaintiff still owes an outstanding debt of $4,210.60. *Id.* at ¶ 15.

Defendant Pioneer acquired Plaintiff's account and began efforts to collect on Plaintiff's outstanding student loan debt.[2] Plaintiff alleges that Pioneer engaged in illegal or harassing collection tactics. Dkt. #1 ¶ 8. Defendant Pioneer denies any illegality or harassment. Dkt. #3 ¶ 4.

In or around 1995, Plaintiff alleges that he entered an oral contract with Defendant Farrar, an employee of DOE, revising the terms of Plaintiff's student loan debt. Dkt. #1 ¶¶ 4-5. Plaintiff's allegations state that the terms of the oral contract (1) reset the amount of principal owed at $3,500, (2) stipulated that interest would begin to accrue on May 25, 1993, and (3) decreased Plaintiff's monthly payment to $100. *Id.* Plaintiff never received written confirmation of this agreement. *Id.* at 5. Plaintiff further alleges that he had a telephonic administrative hearing with a representative of DOE in 2002 regarding the alleged contract. *Id.* at 6.

In 2000, Plaintiff filed for bankruptcy. *In re Hobe*, No. 00-BK-1644 (Bankr. D. Ariz.); *see* Dkt. #1 ¶ 6. Seeking to discharge his student loan debt, Plaintiff initiated an adversary proceeding against DOE in 2003. *Hobe v. United States Dep't of Educ.*, No. 03-AP-0014 (Bankr. D. Ariz.). On January 26, 2004, Plaintiff's bankruptcy attorney and

---

[1]Plaintiff alleges that he borrowed these loans in 1981 and 1982, Dkt. #1 ¶¶ 2-3, while DOE records indicate that the loans were executed in 1983 and 1984, Dkt. #19-2, Ex. 1, Decl. of Sheryl Davis at ¶¶ 7-8.

[2]Plaintiff alleges that Defendant Pioneer acquired his account in 2007, Dkt. #1 ¶ 7; Defendant Pioneer denies that acquisition date, Dkt. #3 ¶ 4.

a representative of the DOE signed a Joint Pre-Trial Statement stipulating that, as of that date, Plaintiff was "indebted to the [DOE] in the amount of $6,617.39 with accruing interest." *Id.* at Dkt. #14, Joint Pre-Trial Statement, Jan. 26, 2004. The adversary proceeding was dismissed in February, 2004, with a judgment finding Plaintiff's student loan debt to be non-dischargeable. *Id.* at Dkt. #17, Order Dismissing Adversary, Feb. 6, 2004; *Id.* at Dkt. #21, Amended Judgment, Feb. 17, 2004. Plaintiff filed an appeal of the adversary decision on February 23, 2004, alleging that his attorney signed the Joint Pre-Trial Statement in error and contesting the stipulated amount owed. *Id.* at Dkt. #22, Notice of Appeal, Feb. 23, 2004. On July 28, 2004, the appeal was dismissed for failure to prosecute. *Id.* at Dkt. #28, Order from BAP Dismissing Appeal, July 28, 2004.

While Plaintiff's complaint does not raise any specific causes of action, the complaint generally alleges that Plaintiff no longer is indebted to Defendants. Dkt. #1. Plaintiff asserts that DOE wage garnishment and Treasury Department offsets have resulted in overpayment of his student loan debt. Dkt. #1 ¶¶ 5, 7-9, 11. Plaintiff also alleges that the debt was discharged in bankruptcy and that the debt was paid in full according to the terms of an oral contract between Plaintiff and Defendant DOE (through Defendant Farrar). Dkt. #1 ¶¶ 4-7. Plaintiff also disputes the amount of outstanding debt as stipulated in the bankruptcy Pre-Trial Statement, alleging that his attorney signed the statement in error. Dkt. #1 ¶ 7; Dkt. #23-2 ¶ 5. Plaintiff further alleges illegal recovery tactics and harassment in the course of collection attempts by Defendants DOE and Pioneer. Dkt. #1 ¶¶ 4-8, 10-12.

Plaintiff seeks an injunction barring future collection attempts by Defendants DOE and Pioneer. Dkt. #1 ¶ 9. Plaintiff also seeks actual damages totaling approximately $1,290,300[3] and punitive damages in the amount of $2,000,000 against Defendant Pioneer and $10,000,000 against Defendant DOE. Dkt. #1 ¶¶ 10-12.

---

[3] Actual damages sought include $6,000 for lost GI Bill payments, $1,250,000 for lost employment opportunity, $4,300 for overpayment of debt, $5,000 for harassment by Defendant Pioneer, and $25,000 for breach of contract by Defendant Farrar. Dkt. #1 ¶¶ 10-11.

**II.    Dismissal of the Complaint for Lack of Jurisdiction.**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a).

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1984). Courts must presume a lack of jurisdiction until the plaintiff proves otherwise. *Kokkonen*, 511 U.S. at 377. To overcome that presumption, the plaintiff must provide a statement of the grounds for the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a) ("A pleading . . . must contain (1) a short and plain statement of the grounds for the court's jurisdiction[.]").

Plaintiff's complaint contains no explanation of his claims and no statement of the basis for jurisdiction. Dkt. #1. The complaint alleges that Plaintiff is a resident of Arizona and that all of Defendant's actions against Plaintiff took place within Arizona, Dkt. #1 ¶ 1, but this bare statement is not sufficient to invoke the Court's jurisdiction. Plaintiff's claims are not brought under any identified federal statute. *See* 28 U.S.C. § 1331. Nor does the complaint assert that the parties are citizens of different states. *See* 28 U.S.C. § 1332(a).

The Court accordingly will grant the Federal Defendants' motion to dismiss and will dismiss all claims against Federal Defendants for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (affirming dismissal of claims that did not state a federal cause of action).

Defendant Pioneer Recovery did not move to dismiss for lack of subject matter jurisdiction or raise lack of jurisdiction in its answer to the complaint. Dkt. #3. A federal court, however, "may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler*,

714 F.2d at 78-79 (citing *Mansfield, Coldwater & Lake Mich. R.y. v. Swan*, 111 U.S. 379, 382 (1884)); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added)). Plaintiff has not shown that his claim against Pioneer is subject to federal question or diversity jurisdiction. The Court will dismiss the complaint against Defendant Pioneer *sua sponte* for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Franklin*, 662 F.2d at 1343 (affirming *sua sponte* dismissal of claims that did not state a federal cause of action).

## III. Leave to Amend the Complaint.

"The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15; *see* 28 U.S.C. § 1653 (authorizing amendment of pleadings to cure defective jurisdictional statement). In the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly invokes the Court's jurisdiction. Plaintiff shall have until **Friday, July 17, 2009,** to file an amended complaint.

The Court is required to give some guidance to a pro se plaintiff regarding the deficiencies of dismissed claims in a complaint. *Karim-Panahi*, 839 F.2d at 625. Plaintiff's complaint has failed adequately to state the basis on which this Court may exercise jurisdiction over his claims against any of the Defendants. Plaintiff is advised that his amended complaint must include a "short and plain statement of the grounds" for this Court's jurisdiction over each claim against each Defendant. Fed. R. Civ. P. 8(a). Pursuant to

federal statutes, this Court has subject matter jurisdiction over a case only if (a) the complaint alleges a federal claim ("federal question jurisdiction") or (b) the amount in controversy exceeds $75,000 and the parties are citizens of different states ("diversity jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332(a).

The Court has diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000 pursuant to 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity between the parties. *See, e.g., Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Id.* In determining the existence of diversity jurisdiction, "corporations are citizens of both the state where they are incorporated and the state where they have their principal place of business." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); 28 U.S.C. § 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

The Court also has subject matter jurisdiction over cases involving federal questions pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 does not itself create federal jurisdiction; it "confers jurisdiction only where a federal question is otherwise at issue." *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980). In general, a federal question invokes a "right or immunity created by the Constitution or laws of the United States." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). That federal right or immunity "must be an element, and an essential one, of the plaintiff's cause of action." *Id.* While it is not an infallible rule, if federal law creates the cause of action, federal question jurisdiction will generally lie. *Murphey v. Lanier*, 204 F.3d 911, 912 (9th Cir. 2000); *see Am. Well Works Co. v. Layne & Bowler Co.*,

241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.").

### A. Amended Complaint against Defendant Pioneer.

#### 1. Diversity of citizenship.

If Plaintiff intends to invoke diversity as the basis for this Court's jurisdiction over his claims against Defendant Pioneer, he must allege both that Plaintiff's citizenship is diverse from that of Defendant Pioneer and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). To that end, Plaintiff must include in his complaint a statement of: (a) his own state citizenship; (b) the citizenship of Defendant Pioneer (both Pioneer's state of incorporation and the state of Pioneer's principal place of business); and (c) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a), (c)(1). Plaintiff is directed to Form 7 of the Appendix of the Federal Rules of Civil Procedure for a well-pleaded jurisdictional statement.

#### 2. Federal questions.

If Plaintiff intends to invoke federal question jurisdiction in this Court, Plaintiff must in good faith allege claims against Defendant Pioneer "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff must explicitly assert a claim against Defendant on the basis of a *federal* statute, the *federal* Constitution, etc. Plaintiff is directed to Form 7 of the Appendix of the Federal Rules of Civil Procedure for a well-pleaded jurisdictional statement.

### B. Amended Complaint against Federal Defendants.

#### 1. Diversity of citizenship.

Plaintiff's amended complaint should *not* assert diversity of citizenship as the jurisdictional basis for his claims against the Federal Defendants. Plaintiff should note that a federal agency is not the citizen of any state for diversity purposes. *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) (finding that because an entity was an agency of the federal government, it was the citizen of no state for diversity purposes); *see also Molton, Allen & Williams, Inc. v. Harris*, 436 F. Supp. 853, 855 (D.D.C. 1977) (stating that, traditionally, diversity jurisdiction never lies in cases against

federal agencies since such agencies are citizens of no state for diversity purposes). Since diversity jurisdiction is available only for cases *between citizens of different states* and a federal agency is *not a citizen of a state*, diversity jurisdiction does not lie for Plaintiff's claims against Federal Defendants.

### 2. Federal questions.

Plaintiff may attempt to invoke this Court's jurisdiction through federal claims against the Federal Defendants. However, Plaintiff should be aware that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Since "[s]overeign immunity is jurisdictional in nature," *Id.*, Plaintiff must establish *both* a federal question *and* a waiver of sovereign immunity as to the asserted federal cause of action to properly invoke this Court's jurisdiction. *See Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007) ("To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction."); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) (stating that the government's consent to suit is a jurisdictional requirement). Plaintiff may also wish to consider the issues discussed in the Federal Defendants' Motion to Dismiss (Dkt. #19) when drafting an amended complaint.

## IV. Plaintiff's Obligations.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and

direct." Fed. R. Civ. P. 8(d)(1). The forms contained in the Appendix to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional statements and sample complaints on various causes of action – "suffice under the[] rules and illustrate the simplicity and brevity that the[] rules contemplate." Fed. R. Civ. P. 84.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice for lack of subject matter jurisdiction.
2. Plaintiff has until **July 17, 2009** to file an amended complaint consistent with this order.
3. The Clerk of Court shall **terminate** this action without further notice if Plaintiff fails to comply with this deadline.
4. All pending motions are **denied** as moot (see Dkt. #28).

DATED this 16th day of June, 2009.

_____
David G. Campbell
United States District Judge