**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Hobe', a single man, | No. CV-09-405-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Department of Education; Pioneer Recovery; and James Farrar, | |
| Defendants. | |

This suit concerns collection efforts relating to Plaintiff Marc Hobe's student loans. On February 27, 2009, Plaintiff filed a pro se complaint against the United States Department of Education ("the DOE"), Pioneer Recovery, Inc. ("Pioneer"), and James Farrar, an employee of the DOE. Dkt. #1. The Court dismissed the complaint without prejudice for lack of subject matter jurisdiction. Dkt. #29. Plaintiff filed an amended complaint on July 15, 2009, purporting to assert claims under the Eighth Amendment to the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, and the "Little Tucker Act," 28 U.S.C. § 1346. Dkt. #30. Pioneer answered the amended complaint. Dkt. #33

The Federal Defendants, the DOE and Farrar have filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Dkt. #32. The motion has been fully briefed. Dkt. ##35, 36. For reasons that follow, the Court will grant the motion.[1]

---

[1] The Federal Defendants also filed a notice of suggestion of bankruptcy, asserting that Plaintiff lacks standing to prosecute this action because he filed chapter 7 bankruptcy on June 30, 2009 and his claims now belong to the bankruptcy estate. Dkt. #31. Defendants

I.  **Background.**

In 1983 and 1984, Plaintiff borrowed approximately $3,500 in student loans guaranteed by the State of Arizona and reinsured by the DOE. Dkt. #30 at 4; Dkt. #19, Ex. 1, ¶¶ 7-8. Plaintiff dropped out of school in February 1984. Dkt. #30 at 5. Later that semester, an agent contacted Plaintiff telephonically regarding repayment of his student loans. *Id.* at 5-6.[2] In an ensuing argument, the agent allegedly threatened that Plaintiff would not return to school until he repaid the loans, at which point Plaintiff vowed not to return. *Id.*

Plaintiff makes no mention of payments and claims no contact with the DOE until 1995, when, according to Defendants, the DOE acquired title to the loans. Dkt. #30 at 6; Dkt. #19, Ex. 1, ¶ 12. Plaintiff alleges that in or around 1995 he entered an oral contract with Farrar, an employee of the DOE, agreeing (1) that the amount of principal owed on his student loans was $3,500, (2) that interest would accrue from May 25, 1993, the date Plaintiff completed a separate degree program, and (3) that Plaintiff's monthly payment would decrease from $130 to $100. Dkt. #30 at 6. Plaintiff alleges a second oral agreement after the principal had been fully collected through tax and wage attachments, in which Farrar agreed to accept a final interest payment of $800.00. *Id.* at 7. Plaintiff never received written confirmation of either oral agreement, and Farrar later stated that a hearing would be necessary. *Id.* at 7. No such hearing took place at that time, but Plaintiff alleges that the wage assignments stopped as the debt had been fully paid. *Id.*

Plaintiff alleges that, without notice, the DOE resumed collection efforts in 2002 through tax refund and wage seizures. *Id.* at 8. Plaintiff claims that those actions forced him into bankruptcy. *Id.* In the bankruptcy case, *see In re Hobe*, No. 00-BK-1644 (Bankr. D. Ariz), the DOE and Plaintiff's attorney signed a statement that Plaintiff owed the DOE

---

have not included this as ground for dismissal in the instant motion, but have raised the issue of potential parallel proceedings in their reply brief. Dkt. #35. The Court need not reach this issue to decide Defendants' motion to dismiss.

[2]Plaintiff alleges that this was a DOE agent; however, the loan analyst's statement attached to Defendants' first response indicates that the loans were under the administration of Valley National Bank at this time. Dkt. #19 ¶ 10.

$4,000. *Id.* Plaintiff claims that his attorney was misled by the DOE and signed the document in error. *Id.* Plaintiff appealed the bankruptcy judgement, but his appeal was dismissed for failure to prosecute. Dkt. #19 at 7, Exs. 3, 4.

Plaintiff's bankruptcy proceedings concluded in 2004. Dkt. #30 at 9. Plaintiff makes no mention of further collection procedures until 2007, when Pioneer took over the loan recovery process. *Id.* at 9-10. Plaintiff alleges further seizure from his tax refunds of $2,500 and $800. *Id.* at 10. In total, Plaintiff alleges that he has paid over $10,300 for his initial $3,500 loan and that the DOE and Pioneer claim that he still owes a balance of $10,000. *Id.*

Plaintiff seeks an injunction barring future collection attempts by the DOE and Pioneer. Dkt. #30 at 11. Plaintiff also seeks actual damages totaling approximately $1,290,300 and punitive damages in the amount of $10,000,000 against the DOE and $2,000,000 against Pioneer. Dkt. #30 12-14.[3]

## II.   Rules 12(b)(1) and (6).

Pursuant to Rule 12(b)(1), dismissal is appropriate where the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). Because federal courts are courts of limited jurisdiction, it is presumed that a claim lies outside the jurisdiction of federal courts unless proven otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court has subject matter jurisdiction over cases involving federal questions pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The court may also have jurisdiction over actions between citizens of different states pursuant to 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The plaintiff bears the burden of establishing that

---

[3] The actual damages sought include $6,000 for lost GI Bill payments, $1,250,000 for lost employment opportunity, $4,300 for overpayment of debt, $5,000 for harassment by Pioneer, and $25,000 for breach of contract by Farrar. Dkt. #30 at 12-13.

1 jurisdiction exists. *See id.*; *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979).

Pursuant to Rule 12(b)(6), dismissal is appropriate where the Plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, the complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

**III. Analysis.**

Plaintiff first asserts a federal claim under the Eighth Amendment, alleging that the Federal Defendants' actions against him constitute "cruel and unusual punishment." Dkt. #30 at 2. However Plaintiff may feel about his treatment, Defendants correctly note that Eighth Amendment scrutiny applies only to the methods and kinds of punishment imposed upon individuals convicted of crimes. *See Ingraham v. Wright*, 430 U.S. 651, 667 (1977); *In re Grand Jury Proceedings*, 33 F.3d 1060, 1062 (9th Cir. 1994) (Eighth Amendment protection applies only after a criminal conviction). Because the alleged misconduct on the part of Defendants has no relation to criminal punishment, Plaintiff has failed to state a claim for relief under the Eighth Amendment.

Plaintiff also purports to assert claims under the Tucker Act, 28 U.S.C. § 1491, for punitive damages, and the Little Tucker Act, 28 U.S.C. § 1346, for actual damages. Dkt. #30 at 2. As Defendants correctly contend (Dkt. #32 at 6), with respect to claims against the

United States and its agencies, the Tucker Act grants jurisdiction to the United States Court of Federal Claims, not the district courts. 28 U.S.C. § 1491(a)(1). The Little Tucker Act does grant jurisdiction to the district courts, concurrent with that of the Court of Federal Claims, though only for claims that do not exceed $10,000. 28 U.S.C. § 1346(a)(2).

Plaintiff asserts diversity jurisdiction over Farrar on the ground that Plaintiff resides in Arizona and Farrar resides in California. Dkt. #30 at 3. As noted in the Court's previous order of dismissal, however, diversity of citizenship does not apply to federal agencies which are not the citizens of any state. Dkt. #29 at 7. Because Plaintiff is suing Farrar not as a private individual but in his official capacity as an agent of the DOE (Dkt. #30 at 6), Farrar's personal place of residence is not relevant to the jurisdictional inquiry.

**IV. Conclusion.**

Plaintiff has failed to state a claim for relief under the Eighth Amendment. The Court lacks jurisdiction over the claims brought pursuant to the Tucker Act and the Little Tucker Act. The Court also lacks diversity jurisdiction over the Federal Defendants because federal agencies and agents being sued in their official capacity are not the citizens of any state. The Court will therefore grant the Federal Defendants' motion to dismiss. Given this ruling, the Court need not address the other arguments made in support of dismissal.

**IT IS ORDERED:**

1. The motion to dismiss filed by the United States Department of Education and James Farrar (Dkt. #32) is **granted**.
2. The Court will set a case management conference by separate order.

DATED this 26th day of October, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge